IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vien Van Tran,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Tom Ridge, et al.,<br><br>　　　　Respondents. | No. CV 04-00982-PHX-DGC-CRP<br><br>**Report and Recommendation** |

　　　　On May 13, 2004, Petitioner Vien Van Tran filed a Petition for Writ of Habeas Corpus pursuant to Title 28, U.S.C. § 2241. ("Petition," Docket # 1). Respondents filed an Answer to Petition for Habeas Corpus on August 30, 2004. ("Response," Docket # 8). At the request of this Court, Respondents also filed a Status of Removal Proceeding on November 9, 2005. (Docket #12).

　　　　Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Charles R. Pyle for a Report and Recommendation.  The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying Counts 1 and 3 of Petitioner's Petition for Writ of Habeas Corpus as moot and denying Count 2 for lack of jurisdiction.

. . . . . . . .

. . . . . . . .

## DISCUSSION

Petitioner's Petition states three grounds. Ground One contends that Petitioner is being held without charges or a court date. Ground Two alleges that the Department of Homeland Security (DHS) is impermissibly requesting that he apply for his green card in order to terminate his refugee status. In Ground Three, Petitioner alleges that DHS is holding him pursuant to § 236 of the Immigration and Naturalization Act without instituting removal proceedings[1].

In Grounds One and Three of his petition, Petitioner contends that he is being held without charges, a court date, or pending removal proceedings[2]. Petitioner attached to his Petition a letter addressed to a Mr. Fickitt regarding Bond Request; a pleading entitled "Petitioner's Request for Bond Hearing;" and a signed order denying request for change of bond condition and custody status. Based on these attachments, it is evident that Petitioner challenges his continued detention without bond.

Petitioner challenged his detention in Grounds One and Three, but he was subsequently released from custody on November 30, 2004. (Docket # 12). Thus, he has obtained the relief that he sought when he filed his petition. However, this alone does not render the Petition moot.

A habeas petition is still appropriate if it may remedy collateral consequences. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983 (1998), citing *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556 (1968). In order for a claim to survive, there must be collateral

---

[1] Respondent contends that Petitioner was not being held pursuant to INA § 236, but rather that Petitioner had been taken into custody pursuant to 8 U.S.C. §1159(a)(1)(C), which requires that refugees who have not acquired permanent residence status be returned to immigration officials for inspection and examination for admission to the United States. (Response, p. 3). Respondent further asserts that Petitioner's continued detention was based on 8 U.S.C §1231(a)(6), which authorizes the detention of inadmissible or criminal aliens. (*Id.*).

[2] Removal proceedings were initiated after Petitioner had filed his Petition with this Court. (Response, p. 2, Exhibit 5).

1  consequences in the form of a concrete or continuing injury sufficient to maintain the action.
2  *Id.* Thus, mootness is a question of whether or not there is any relief that the Court can grant.
3  *Harrison v. Indiana*, 597 F.2d 115, 118 (7th Cir. 1979). The Court has recognized that most
4  criminal convictions do entail adverse collateral legal consequences, even after a defendant's
5  term of imprisonment has expired. *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 1898-
6  99 (1968); *Spencer v. Kemna*, 523 U.S. at 12. However, the Court has not extended that
7  presumption beyond the context of criminal convictions. *See Spencer v. Kemna*, 523 U.S. 1
8  (refusing to extend presumption of collateral consequences to parole revocations). Because
9  Petitioner's Petition does not arise in the context of a criminal conviction but rather from a
10 detention related to immigration proceedings, he is not entitled to the presumption that his
11 detention has collateral consequences.

12 In Ground One, Petitioner challenged his detention without bond and did not
13 challenge pending immigration proceedings, thus he is unable to show that he continues to
14 suffer from collateral consequences as to this ground. His subsequent release from custody
15 renders Ground One of his petition moot.

16 In Ground Three of his Petition, Petitioner does refer to immigration proceedings. He
17 mistakenly contends that he is being held pursuant to INA § 236[3], which authorizes detention
18 of aliens pending a decision on whether he/she is to be removed. Petitioner contends that he
19 is being held without bond pending removal proceedings, however, removal proceedings
20 were initiated by June 1, 2004, after Petitioner had filed his Petition with the Court.
21 Petitioner has never sought amendment of his Petition. Thus, Petitioner's challenge is to his
22 detention without bond and his removal proceedings are not implicated. Because Petitioner
23 did not challenge the subsequently filed removal proceeding, Ground Three is moot as well.

24 In Ground Two of his Petition, Petitioner alleges that DHS is impermissibly
25 requesting that he apply for a green card in order to terminate his refugee status. The
26 Respondent argues that DHS made the request pursuant to 8 C.F.R. Part 209.1, requiring a

27
28     [3]8 U.S.C. §1226

1  refugee whose status has not been terminated, to apply within a year of entry so that his or
2  her admissibility can be determined.

3  It is unclear as to what exactly Petitioner is arguing in Ground Two of his Petition.
4  The text of his petition states, "DHS is impermissibly requesting that as a refugee, I apply for
5  my green card. DHS' motivation is so that they can terminate my refugee status." (Petition,
6  p. 5). It appears from Petitioner's attached letter to Mr. Fickitt, that he is making the argument
7  that a refugee is to be considered admitted and therefore not subject to inadmissibility
8  grounds. Because this count stems from a determination of admissibility, Petitioner's
9  argument is necessarily directed at the commencement of proceedings for removal. This falls
10 squarely within the jurisdictional limitations of INA § 252(g)[4], which states that "no court
11 shall have jurisdiction to hear any cause or claim...arising from the decision or action by the
12 Attorney General to commence proceedings, adjudicate cases, or execute removal orders
13 against any alien..." *See Sissoko v. Rocha*, 412 F.3d 1021 (9th Cir. 2005). Thus, this Court
14 lacks jurisdiction to address Ground Two.

15 CONCLUSION

16 For the foregoing reasons, the Magistrate Judge recommends that the District Court,
17 after its independent review of the record, enter an order **denying** Petitioner's Petition for
18 Writ of Habeas Corpus. (Docket #1)

19 Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
20 10 days of being served with a copy of this report and recommendation. If objections are not
21 timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-*
22 *Tapia*, 328 F.3d 1114, 1121 (9 th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).
23 If objections are filed, the parties should direct them to the District Court by using the
24 following case number: CV-04-00982-PHX-JAT.

25 . . . . . . . .
26 . . . . . . . .
27
28  [4] 8 U.S.C. §1252

- 4 -

1  The Clerk is directed to send a copy of this report and recommendation to all parties.

2  DATED this 16th day of December, 2005.

*[signature]*

**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE

DGC
CRP
Cynthia M. Parsons, Esq.
Vien Van Tran [Pro Se] 3344 South 400 West, Salt Lake City, Utah 84120

- 5 -